**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBYN L. GRITZ**<br>7049 South Stratton Lane<br>Gurnee, IL 60031<br><br>　　Plaintiff,<br><br>　　v.<br><br>**FEDERAL BUREAU OF INVESTIGATION**<br>**U.S. DEPARTMENT OF JUSTICE**<br>Matthew Whitaker, Acting Attorney-General<br>950 Pennsylvania Avenue NW<br>Washington, DC  20530<br><br>　　Defendant. | November 20, 2018<br><br><br>Case no. 1:18-cv-02712<br><br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT FOR DAMAGES

### PRELIMINARY STATEMENT

1.　This action seeks declaratory, injunctive, and equitable relief, monetary and liquidated damages, and costs and attorney fees to remedy the unlawful age, gender, and disability discrimination suffered by the plaintiff, Robyn L. Gritz, by the Federal Bureau of Investigation ("FBI") and subsequent retaliation by the FBI when she objected to the above-mentioned discrimination.

2.　This action also seeks declaratory, injunctive, and equitable relief, monetary and compensatory damages, and costs and attorney fees for the retaliation suffered by Plaintiff when Plaintiff's former supervisors, Andrew McCabe and Rick Schwein, among others, subjected Plaintiff to an openly hostile work environment. The hostility stemmed from Plaintiff's participation in protected activity under the provisions of the ADEA, Title VII of the Civil Rights Act of 1964, and the Rehabilitation Act of 1973, as amended, Title

29 U.S.C. §§ 791 and 794, on account of her opposition to the gender disability and age discrimination to which she had been previously subjected.

## JURISDICTION

3.  This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a; The Age Discrimination in Employment Act, Title 29 U.S.C. §621 *et seq.*; and the Rehabilitation Act, Title 29 U.S.C. §§ 791 and 794.

4.  Jurisdiction is invoked pursuant to Title 23 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4), Title 29 U.S.C. §626(b) and Title 42 U.S.C. §2000e-5(f).

5.  All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), and the ADEA have occurred or have been complied with in the following manner.

6.  On June 15, 2012, Plaintiff, a Supervisory Special Agent (SSA), Counterterrorism Division (CTD), of the FBI, made contact and filed an informal complaint of discrimination and retaliation with the Office of Equal Employment Opportunity Affairs, within the FBI, alleging that she was discriminated against and subjected to unlawful retaliation based on her age, physical disability, and sex.

7.  On September 14, 2012, Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission (EEOC), pursuant to the FBI's Office of Equal Employment Opportunity Affairs' determination that the discrimination and subjected to unlawful retaliation based on her age, physical disability, and sex. This was after the FBI failed to resolve the complaint informally.

8.  Declaratory, injunctive, monetary, compensatory and liquidated damages and equitable relief is sought pursuant to Title 28 U.S.C. § 2201, §2202, Title 29 U.S.C. § 626 and Title 42 U.S.C. 2000e-5(g)

9. Compensatory damages are sought pursuant to Title 42 U.S.C. §1981a.

10. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k), Title 29 U.S.C. §626 and Title 42 U.S.C. §1988.

**VENUE**

11. This action properly lies in the United States District Court for the District of Columbia pursuant to Title 28 U.S.C. §1391(b), because the claims of Plaintiff arose within this judicial district.

12. This action also properly lies in the United States District Court for the District of Columbia pursuant to Title 29 U.S.C. §626, because the unlawful employment practices were committed in this judicial district.

**PARTIES**

13. Plaintiff, Robyn L. Gritz ("Plaintiff"), a female, born January 21, 1969, is a citizen of the United States residing in the State of Illinois.

14. The defendant, Matthew G. Whitaker ("Whitaker"), is the acting Attorney General of the United States of America and is considered the head of the Department of Justice, which oversees the Federal Bureau of Investigation ("FBI").

15. Whitaker is being sued in his official capacity pursuant to Title 42 U.S.C. §2000e-16(a).

16. The United States Department of Justice, and the FBI, of which Whitaker is the head, are executive agencies within the meaning of 42 U.S.C. §2000e-16(a).

**GENERAL ALLEGATIONS**

17. In 1997, Plaintiff applied and was accepted for employment with the FBI.

18. On or about July 20, 1997, Plaintiff entered on duty (EOD) as a Special Agent (SA) with the FBI.

19. Upon completion of new agent's training at the FBI Academy, Plaintiff was assigned to the Newark Division.

20. Between July 20, 1997, and October of 2004, Plaintiff worked in capacities such as the relief supervisor on a Joint Terrorism Task Force (JTTF) and worked on cases such as the 9/11/2001 terrorist attacks, the Daniel Pearl abduction and murder, the 2002 church bombing in Pakistan, the 2001 Anthrax attacks within the US, investigation of the Holyland Foundation, and numerous other international and domestic terrorism events.

21. In October of 2004, Plaintiff was promoted to Supervisory Special Agent (SSA) at FBI Headquarters (FBI HQ) in the Counterterrorism Division (CTD) International Operations Section 1.

22. In this capacity plaintiff was commended by then Generals Stanley McChrystal, Michael Flynn, and Keith Alexander for her leadership in an operation, termed groundbreaking by DOJ executive management, providing real-time threat information from Iraq and Afghanistan.

23. Plaintiff and her team received the Office of Directorate of National Intelligence National Intelligence Meritorious Unit Citation for this operation.

24. Plaintiff has been awarded three of these awards while working in CTD for separate investigations.

25. Plaintiff also worked extensively on critical investigations with interagency partners, as well as, foreign partners.

26. In October of 2006, Plaintiff was promoted to Assistant Inspector, Inspection Division.

27. In November of 2007, Plaintiff was requested to return to the CTD by James McJunkin, then the CTD Assistant Director, due to an issue with a major field office that required a seasoned SSA to handle.

28.     Upon her return to the CTD, and Plaintiff was selected above at least 26 other candidates, to become the Supervisory Special Agent, CT Extraterritorial Squad (CT-2) in the Washington DC Field Office. This is a coveted squad assignment due to responsibility and participation in overseas operations, significant high-profile assignments, and extensive liaison within the United States Government (USG) interagency partners as well as with foreign partners.

29.     Investigations Plaintiff led at the Washington DC Field Office included: the Blackwater shooting in Nisur Square-Iraq, the Robert Levinson-retired FBI Agent held hostage in Iran, the Chuckie Taylor torture and war crimes prosecution in Liberia, the assassination of Benazir Bhutto in Pakistan, and the attacks on the US Embassies in Beirut, Lebanon and Sanaa, Yemen.

30.     In this capacity, Plaintiff served on the National Security Staff's Hostage and Personnel Working Group, which reported to the National Security Advisor to the President.

31.     Numerous Americans were brought out of captivity with direct involvement by Plaintiff.

32.     In December 2009, Plaintiff was promoted to GS-15 Unit Chief of the Executive Strategy Unit, Weapons of Mass Destruction Directorate .

33.     Plaintiff served as the Acting Assistant Director on several occasions, to include having duties usually done by an Assistant Director delegated to Plaintiff, Acting Assistant Director on September 11, 2010.

34.     From September to December of 2010, Plaintiff was selected as the FBI's representative to attend a prestigious four-month course at the George C. Marshall Center in Garmisch, Germany, to attend the Program in Advanced Security Studies, as one of only 141 participants from 43 countries. The program is a United States Department of Defense and Germany's Federal Ministry of Defense security and defense studies institute.

35. From January 11 to July 5, 2012 plaintiff was assigned as Senior Liaison Officer, a designated Joint Duty Detailee, to the Central Intelligence Agency's Counterterrorism Center in the Yemen/Somalia Department.

36. On or about June 14, 2012, when involved in a telephone conversation with Rick Schwein, Deputy Director for Law Enforcement, CIA Counterterrorism Center, Plaintiff's FBI boss, Plaintiff informed Schwein she did not feel she was being treated equitable with the other detailees.

37. Schwein threatened Plaintiff that, if she filed a complaint with the EEOC, he would refer Plaintiff to the Office of Professional Responsibility.

38. On or about July 3, 2012, after Plaintiff's visit to the hospital on June 22, 2012, for severe chest pains, and after Plaintiff was already involved in the FBI's informal Office of Equal Employment Opportunity Affairs process, she was told she was effectively relieved of her duties at the CIA Counterterrorism Center, effective on July 5, 2012.

39. Plaintiff had asked to meet with Deputy Assistant Director Ley to discuss issues with two co-workers, Schwein and Petrowski.

40. Ley canceled the first scheduled meeting and admitted she was with Assistant Director McCabe on the prior day discussing what to do with Plaintiff.

41. Ninety days after being involuntarily removed from her detailee position, and for the first time in her decorated 16-year career within the FBI, Plaintiff received the first poor review of her work performance.

42. This poor work performance was performed by her prior supervisor Rick Schwein.

43. Rick Schwein was selected by CTD Management to do her Performance Appraisal Review.

44. From July 5, 2012 forward, Plaintiff, a GS-15 SSA, was given mostly administrative assignments below her GS-15 level. Many months would go by when no assignments were given to Plaintiff.

45. During this time, other members of CTD were told not to write any email or letter in support of Plaintiff.

46. CTD management was painfully rude and condescending to Plaintiff. She was not invited to critical meetings for the Benghazi attack and the Boston Marathon Bombing, even though she had an expertise in the nature and level of these matters.

47. On July 31, 2012, Plaintiff was notified that an Office of Professional Responsibility investigation had been initiated by the Internal Investigations Section, Inspection Division, against her for time and attendance fraud, insubordination for repeatedly failing to attend the FBI daily 7:15 am meeting, and unprofessional behavior while on duty (for a personal to personal email in a personal relationship not on FBI systems).

48. This referral was authorized by then Assistant Director McCabe.

49. In a signed sworn statement, McCabe admits he knew Plaintiff was or had filed an EEOC complaint against the same individuals who drafted and forwarded the Office of Professional Responsibility recommendation to McCabe for his signature.

50. The Office of Professional Responsibility investigation and a management referral to Employee Assistance Plan were both dated July 20, 2012, after Schwein's threat to Plaintiff over the phone on or about June 14, 2012.

51. FBI delayed, ignored, or wrongly denied the reasonable accommodations requested by Plaintiff.

52. Thomas Petrowski, in this case, was selected along with Plaintiff as Senior Liaison Officers, Joint Duty Detailees, to the CIA Counterterrorism Center.

53. Petrowski and Plaintiff started on the same day in January 2012.

54. Petrowski had come from the Dallas Division of the FBI and was on an 18-month temporary duty assignment.

55. From May to July 2012, Schwein was sent to the Minneapolis FBI Division.

56. Schwein selected Petrowski as the Acting Senior Executive Service over the detailees in Schwein's absence.

57. A memo written by Schwein, dated March 9, 2012, detailed his reason for selecting Petrowski to be the Acting Deputy Director for Law Enforcement, CIA Counterterrorism Center, in his absence.

58. In the memo dated March 9, 2012, Schwein's reason for the selection of Petrowski specifically states he "is an experienced GS-15 who has the requisite background and experience to serve in this position. SSA Petrowski is the most qualified individual in the Section to take on this responsibility."

59. Following Schwein's assignment to Minneapolis, he submitted Petrowski for an incentive award, dated August 8, 2012, for being the Acting Senior Executive Service and included the following statements, "SSA Petrowski dealt with a contentious personnel issue and remained professional in his dealings with the problematic employee. His meticulous detailing of the issues led to the referral of this employee to OPR for possible employee mis-conduct."

60. Petrowski stated in his initial interview with the FBI EEOC counselor that he had nothing to do with the referral of Plaintiff to Office of Professional Responsibility.

61. In an e-mail dated June 14, 2012, Schwein asked Petrowski when discussing referring plaintiff for "OPR and T&A fraud": "Is there enough to make that case? It will help when she is referred and counseled on performance,"

62. In an e-mail dated June 14, 2012, Petrowski responded, "I have someone in OPR looking at this offline and will have a solid opinion from them today."

63. In e-mail dated June 28. 2012, Petrowski writes Schwein that the Counterterrorism Center Yemen/Somali Chief and Deputy Chief were "far more negative than I expected." Additionally, Petrowski states, "We need to just keep with the plan."

64. Petrowski forwarded this e-mail to Deputy Assistant Director Ley.

65. On August 14, 2012, Plaintiff filed a formal EEOC complaint alleging the FBI subjected her to hostile work environment on the basis of her sex (female), disability (diverticulosis), age (43), and in reprisal for protected EEOC activity.

66. Plaintiff was never offered the choice of participating in an alternative dispute resolution (ADR) program.

67. In August of 2013, Plaintiff was suspended without pay and resigned.

68. On March 31, 2014, Plaintiff filed a Motion for Discovery, requesting regular discovery and an un-redacted Report of Investigation, that is yet unanswered.

69. The first Report of Investigation contained extensively redacted information, to include even Plaintiff's own statement.

70. On May 16, 2014, Plaintiff retained legal representation by March Cohen.

71. Cohen notified the EEOC Administrative Judge that he represented Plaintiff.

72. On the following Monday, May 19, 2014, FBI with no prior notice to Cohen, filed the Agency's Motion to Dismiss.

73. A heavily redacted Report of Investigation with a "burned to CD date" of June 10, 2013, was attached to the motion.

74. This Report of Investigation, completed prior to June 10, of 2013, contained no interviews of Plaintiff's witnesses and disregarded FBI policies, Office of Directorate of National Intelligence Joint Duty Detailee Guidance/Memorandum, and CIA policies. All

disregarded information would have served as a direct rebuttal for the very issues that were spuriously raised against Plaintiff.

75. Plaintiff's counsel, Cohen, filed a motion that same day to withdraw the request for hearing and return the case to the Agency for issuance of a Federal Agency Decision.

76. On November 12, 2015, a year and a half later, counsel received a transmittal letter dated November 3, 2015, stating that "upon further review of the Report of Investigation, the Federal Bureau of Investigation's (FBI) Discovery Processing Unit, Office of the General Counsel, authorized the release of additional information contained in the report."

77. On March 29, 2016, Plaintiff's appealed the Federal Agency Decision to EEOC-Office of Federal Operations.

78. On, or about, August 24, 2018, Plaintiff's EEOC-Office of Federal Operations appeal was denied.

79. Plaintiff did not receive notice of the EEOC appeal denial until she was released from the hospital on or about September 1, 2018.

# FIRST CAUSE OF ACTION
## UNLAWFUL RETALIATION IN VIOLATION OF TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

80. Plaintiff re-alleges and incorporates by reference each allegation 1-79 contained in the preceding paragraphs as if fully set forth herein.

81. The FBI discriminated against Plaintiff on the basis of Plaintiff's opposition to the defendant's unlawful gender discrimination when he filed a formal discrimination complaint against the defendant through the EEO process.

82. Because Plaintiff's opposition to the defendant's gender discrimination was a motivating factor and made a difference in the retaliatory actions to which Plaintiff was subjected by her supervisors, including Rick Schwein, Thomas Petrowski, Marilou Felder, Thomas Van Nuys, Jenny Ley and Andrew McCabe, the defendant violated Title VII of the Civil Rights Act of 1964, as amended.

83. Because Plaintiff's participation in EEOC proceedings which she initially filed against Rick Schwein and Thomas Petrowski was a motivating factor and made a difference in the retaliatory actions to which Plaintiff was subjected by his supervisors, including Rick Schwein, Thomas Petrowski, Marilou Felder, Thomas Van Nuys, Jenny Ley, and Andrew McCabe, the defendant violated Title VII of the Civil Rights Act of 1964, as amended.

84. The defendant engaged in retaliation against Plaintiff with malice or reckless indifference to Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

85. As a result of the unlawful retaliation, Plaintiff has suffered emotional distress.

86. As a result of the unlawful retaliation, Plaintiff has suffered financial losses, as to be proven at trial.

## SECOND CAUSE OF ACTION
## UNLAWFUL RETALIATION IN VIOLATION OF THE ADEA

87. Plaintiff re-alleges and incorporates by reference each allegation 1-86 as contained in the preceding paragraphs as if fully set forth herein.

88. The FBI discriminated against Plaintiff on the basis of Plaintiff's opposition to the defendant's unlawful age discrimination when she filed a formal discrimination complaint against the defendant through the EEOC process.

89. Because Plaintiff's opposition to the defendant's age discrimination was the cause for the retaliatory actions to which Plaintiff was subjected by her supervisors, including Rick Schwein, Thomas Petrowski, Marilou Felder, Thomas Van Nuys, Jenny Ley,

and Andrew McCabe, the defendant violated the provisions of the Age Discrimination In Employment Act.

90. Because Plaintiff's participation in EEOC proceedings which she initially filed against Rick Schwein and Thomas Petrowski was the cause for the retaliatory actions to which Plaintiff was subjected by her supervisors, including Rick Schwein, Thomas Petrowski, Marilou Felder, Thomas Van Nuys, Jenny Ley, and Andrew McCabe, the defendant violated the provisions of the Age Discrimination In Employment Act.

91. The defendant engaged in retaliation against Plaintiff with malice or reckless indifference to Plaintiff's rights under the Age Discrimination In Employment Act.

92. As a result of the unlawful retaliation, Plaintiff has suffered emotional distress.

93. As a result of the unlawful retaliation, Plaintiff has suffered financial losses, as to be proven at trial.

## THIRD CAUSE OF ACTION
## UNLAWFUL RETALIATION IN VIOLATION OF
## THE REHABILITATION ACT

94. Plaintiffs re-allege and incorporate by reference each allegation 1-93 contained in the preceding paragraphs as if fully set forth herein.

95. The FBI discriminated against Plaintiff on the basis of Plaintiff's opposition to the defendant's unlawful age discrimination when she filed a formal discrimination complaint against the defendant through the EEO process.

96. Because Plaintiff's opposition to the defendant's disability discrimination was the cause for the retaliatory actions to which Plaintiff was subjected by her supervisors, including Rick Schwein, Thomas Petrowski, Marilou Felder, Thomas Van Nuys, Jenny Ley, and Andrew McCabe, the defendant violated the provisions of the Rehabilitation Act.

97. Because of plaintiff's participation in EEO proceedings which she initially initiated against Rick Schwein and Thomas Petrowski was the cause for the retaliatory actions to which Plaintiff was subjected by her supervisors, including Rick Schwein, Thomas Petrowski, Marilou Felder, Thomas Van Nuys, Jenny Ley, and Andrew McCabe, the defendant violated the provisions of the Rehabilitation Act.

98. The defendant engaged in retaliation against Plaintiff with malice or reckless indifference to Plaintiff's rights under the Rehabilitation Act.

99. As a result of the unlawful retaliation, Plaintiff has suffered emotional distress.

100. As a result of the unlawful retaliation, Plaintiff has suffered financial losses, as to be proven at trial.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays for judgment as follows.

**As to the First and Third Causes of Action**

A. Declare the conduct engaged by the defendant to be in violation of Plaintiff's rights.

B. Enjoin the defendant from engaging in such conduct.

C. Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual.

D. Award plaintiff compensatory damages.

E. Award plaintiff costs and attorney fees.

F. Grant such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

G. Declare the conduct engaged by the defendant to be in violation of Plaintiff's rights.

H. Enjoin the defendant from engaging in such conduct.

I. Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual.

J.  Award plaintiff liquidated damages.

K.  Award plaintiff costs and attorney fees.

L.  Grant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues so triable.

Respectfully submitted,

November 20, 2018                **KLIMASKI & ASSOCIATES, P.C.**

 */s/   James R. Klimaski*
James R. Klimaski, #243543
KLIMASKI & ASSOCIATES, P.C.
1717 N Street NW – Suite 2
Washington, DC  20036-2827
202-296-5600          Fax 202-296-5601
Klimaski@Klimaskilaw.com
**Local Counsel to Robyn Gritz**

**BARNES LAW**

 */s/   Robert E. Barnes*
Robert E. Barnes, Esq.,
California Bar #235919
Admission *Pro Hac Vice* pending

 */s/   Derek Jordan*
Derek Jordan, Esq.
Tennessee Bar #34299
Admission *Pro Hac Vice* pending

BARNES LAW
601 South Figueroa Street – Suite 4050
Los Angeles, CA  90017
(310) 510-6211         Fax (310) 510-6225
robertbarnes@barneslawllp.com
derekjordan@barneslawllp.com
**Attorneys for Plaintiff Robyn Gritz**