UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBYN L. GRITZ, )<br>             )<br>    Plaintiff,       )<br>             )<br>  v.            )<br>             )<br>WILLIAM P. BARR, in his official capacity )<br>as Attorney General of the United States,  )<br>             )<br>    Defendant.      )<br>             ) | Civil Action No. 18-2712 (KBJ) |

**REPLY IN FURTHER SUPPORT OF
DEFENDANT'S PARTIAL MOTION TO DISMISS**

  Defendant William P. Barr, Attorney General of the United States, by and through counsel, respectfully submits this reply in further support of Defendant's Partial Motion to Dismiss. *See* ECF No. 19. For the reasons set forth below, along with those contained in Defendant's opening brief (ECF No. 19-1), Plaintiff's retaliation claims warrant dismissal because Plaintiff has failed to exhaust her administrative remedies regarding these claims. Moreover, Plaintiff's hostile work environment claim fails to plausibly allege a severe or pervasive hostile work environment and therefore this claim, along with her constructive discharge claim, must fail. Accordingly, the Court should grant Defendant's motion and dismiss the amended complaint in part.

**ARGUMENT**

**I. Plaintiff's Amended Complaint Alleges Discrete Acts of Retaliation, Which Plaintiff Has Failed To Exhaust.**

  It is well-established that "[c]omplainants must timely exhaust administrative remedies before bringing their Title VII retaliation claims to court." *Bowden v. United States*, 106 F.3d

433, 437 (D.C. Cir. 1997).  Any allegations that are not timely raised with an EEO counselor "cannot form the basis for a subsequent suit." *Mohmand v. Broad. Bd. of Governors*, Civ. A. No. 17-0618, 2018 WL 4705800, at *4 (D.D.C. Sept. 30, 2018) (citing *Mount v. Johnson*, 36 F. Supp. 3d 74, 83 (D.D.C. 2014)).   Plaintiff argues in her opposition to Defendant's motion that her retaliation claims are "reasonably related" to the allegations contained in her EEO complaint and, therefore, she was not required to separately exhaust them.  *See* Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 22, at 12 ("Pl.'s Opp'n").  However, Plaintiff's arguments are unpersuasive given that the Supreme Court has established a claimant must exhaust her administrative remedies for each discrete incident of discrimination which constitutes an "unlawful employment practice."  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-13 (2002).  In *Morgan*, the Supreme Court rejected application of the "continuing violations theory," which had allowed plaintiffs to maintain actions for discrete acts of discrimination or retaliation that had not been separately exhausted but were "sufficiently related" to a properly exhausted claim.  *Id.*  Thus, following *Morgan*, a "Title VII plaintiff must timely exhaust administrative remedies for each discrete act alleged," even if the acts are related.  *Laughlin v. Holder*, 923 F.Supp.2d 204, 209 (D.D.C. 2013) (emphasis added) (citing *Morgan*, 536 U.S. at 110).

Further, the majority of courts in this circuit have interpreted *Morgan* to require exhaustion for all discrete acts of retaliation after an administrative charge is filed, "regardless of any relationship that exists between those discrete claims and any others." *Rashad v. Wash. Metro. Area Transit. Auth.*, 945 F. Supp. 2d 152, 165-66 (D.D.C. 2013) (collecting cases from courts in this circuit on the implications of *Morgan* and adopting the majority view that discrete acts of retaliation require discrete charges and exhaustion to provide an opportunity for investigation); *Hunter v. District of Columbia*, 797 F. Supp. 2d 86, 95 (D.D.C. 2011) (noting that

"[c]ourts in this district have applied *Morgan* in holding that a plaintiff must exhaust his administrative remedies with respect to distinct acts that occurred after the filing of an administrative charge") (citation omitted); *Romero-Ostolaza v. Ridge*, 370 F. Supp. 2d 139, 149 (D.D.C. 2005) ("*Morgan* has, on the whole, been understood to also bar discrete acts occurring . . . after the filing of an administrative complaint, when a plaintiff does not file a new complaint or amend the old complaint but instead presents these acts for the first time in federal court."). This is because "requiring exhaustion of each discrete claim most faithfully reflects *Morgan* and the purpose of the exhaustion doctrine, namely, 'to give the agency notice of a claim and the opportunity to handle it internally so that only claims plaintiff has diligently pursued will survive.'" *Hicklin v. McDonald*, 110 F. Supp. 3d 16, 19 (D.D.C. 2015) (quoting *Romero-Ostolaza*, 370 F. Supp. 2d at 149).

Here, Counts I, II, and III of the amended complaint allege retaliation based on Plaintiff's filing of her formal EEO complaint on September 14, 2012. *See* Am. Compl. (ECF No. 17-1) ¶¶ 277, 283, 290. Plaintiff's argument that she is not required to exhaust her retaliation claims which occurred *after* the filing of her EEO complaint is unconvincing. Notably, Plaintiff's opposition relies on several discrete acts of alleged retaliation which Plaintiff admits occurred after her formal EEO complaint was filed. *See* Pl.'s Opp'n at 12-13. Specifically, Plaintiff alleges in her response that, after her formal EEO complaint was filed: (1) she received a negative performance review; (2) her grievance was denied; (3) she was denied a lateral transfer she requested; and (4) she was not selected for positions she applied for. *See id.* However, Plaintiff fails to acknowledge that these allegations constitute discrete acts of retaliation which she was required to exhaust before the EEOC prior to bringing claims in federal court. *See Morgan*, 536 U.S. at 114 ("Discrete acts such as termination, failure to promote, denial of

transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'").

In this case, any retaliatory actions based on Plaintiff's formal EEO complaint would have occurred after September 14, 2012. However, Plaintiff does not allege that she filed any administrative claim after that date. Indeed, based on Plaintiff's administrative complaint, the agency did not investigate any claims occurring after July 2012. Plaintiff was required to administratively exhaust any alleged retaliatory actions within 45 days of those actions. Since Plaintiff failed to exhaust any potential retaliation claims based on her formal EEO complaint, Claims I, II and III warrant dismissal. *See Morgan*, 536 U.S. at 113; *Romero-Ostolaza v. Ridge*, 370 F. Supp. 2d 139, 149 (D.D.C. 2005) (dismissing retaliation claim because plaintiff failed to exhaust discrete acts of retaliation which occurred after filing of formal EEO complaint).

## II. The Amended Complaint Does Not Allege a Severe or Pervasive Hostile Work Environment.

Counts IV and V of the amended complaint allege that Defendant subjected Plaintiff to a hostile work environment in retaliation for her protected EEO activity. To succeed on such a claim, a plaintiff must show "that [her] employer subjected [her] to 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment.'" *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Further, in order to state a claim of hostile work environment based on retaliation, plaintiff must allege that she engaged in statutorily protected activity, and that her employer subjected her to discriminatory "intimidation, ridicule, and insult" of such "severity or pervasiveness as to alter the conditions of h[er] working environment" to retaliate against her for doing so. *Id.* (citations

omitted). Notably, "conduct must be extreme to amount to a change in the terms and conditions of employment," *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998), and "a few isolated incidents of offensive conduct do not amount to actionable harassment," *Stewart v. Evans*, 275 F.3d 1126 (D.C. Cir. 2002).

Despite Plaintiff's conclusory arguments, Plaintiff simply fails to allege conduct which rises to the level of a hostile work environment. Specifically, Plaintiff alleges in her response that "she was denied [a] transfer, promotion, and given poor evaluations." *See* Pl.'s Opp'n at 17. Notably, these instances constitute "work-related actions by supervisors," which "courts typically do not find . . . to be sufficient for a hostile work environment claim." *Munro v. LaHood*, 839 F. Supp. 2d 354, 366 (D.D.C. 2012) (citation omitted); *see also Aldrich v. Burwell*, 197 F. Supp. 3d 124, 137 (D.D.C. 2016) (dismissing hostile work environment claim because allegations about reassignment to less favorable cubicle, reprimands concerning performance, five-day suspension, and placement on leave-restriction "relate to workplace reprimands—and punishment flowing from them—that are well within the bounds of 'ordinary tribulations of the workforce'").

Plaintiff's response attempts to bolster the amended complaint by stating that Plaintiff is complaining about "her daily working conditions," not merely "sporadic and isolated events." *See* Pl.'s Opp'n at 16. However, the allegations Plaintiff relies upon fail to support this assertion. Specifically, Plaintiff alleges that: (1) on a single occasion she was accused of attending a meeting "just to meet boys"; (2) she was accused of giggling when discussing serious matters; and (3) she was told she could not handle the stress of the job. *See id.* at 16-17. Plaintiff relies upon a collection of minor, isolated grievances in an attempt to litigate the work-related actions of her supervisors she subjectively viewed as rude. Simply put, Plaintiff's allegations, even if

true, do not rise to the level of a hostile work environment and, therefore, Plaintiff's claims founded upon such allegations should be dismissed. *See, e.g.*, *Porter v. Jackson*, 668 F. Supp. 2d 222, 236 (D.D.C. 2009) (even accepting as true plaintiff's allegations that comments were "impolite, rude, and insensitive, plaintiff has not shown that she was subject to the level of severe and pervasive harassment necessary to maintain a claim for a hostile work environment under Title VII"), *aff'd*, 410 Fed. App'x 348 (D.C. Cir. 2010) (per curiam).

### III. The Amended Complaint Fails To State a Cognizable Constructive Discharge Claim.

Plaintiff's response asserts that the FBI's reasonable management decisions created "a working atmosphere so intolerable" that Plaintiff was forced to resign her employment. *See* Pl.'s Opp'n at 17. In order to sustain a constructive discharge claim, a plaintiff "must offer evidence that she was discriminated against, and that defendant deliberately made working conditions so intolerable that plaintiff was forced to resign. Working conditions must be such that they 'would lead a reasonable person to resign.'" *Lempres v. CBS Inc.*, 916 F. Supp. 15, 22 (D.D.C. 1996). Thus, the standard is an objective one and requires proof that a "reasonable person" in Plaintiff's position would have felt compelled to resign. *See Penn. State Police v. Suders*, 542 U.S. 129, 141 (2004).

As stated above, Plaintiff's allegations of a hostile work environment are minor and spread out over the course of approximately two years. As such, it is implausible that a reasonable person in Plaintiff's position would have believed that such isolated actions as those described in the amended complaint were so "intolerable" as to warrant resignation. Further, Plaintiff asserts in the amended complaint that her resignation was not due to the FBI's alleged actions but, instead, was due to "extreme complications from her diverticulosis," and "in an effort to gain access to the money in her Thrift Savings Fund to pay bills." Am. Compl. ¶ 245.

In light of the above, Plaintiff has failed to state a plausible constructive discharge claim and, therefore, Count VI should be dismissed.

## CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Court grant Defendant's motion and dismiss the complaint, in part, because Plaintiff has failed to exhaust her administrative remedies and otherwise state a plausible claim for relief.

    Respectfully submitted,

    JESSIE K. LIU, D.C. Bar # 472845
    United States Attorney
    For the District of Columbia

    DANIEL F. VAN HORN, D.C. Bar # 924092
    Chief, Civil Division

    /s/  *Christopher C. Hair*
    CHRISTOPHER C. HAIR, PA Bar # 306656
    Assistant United States Attorney
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 252-2541
    Christopher.Hair@usdoj.gov

    *Counsel for Defendant*