UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBYN L. GRITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-2712 (KBJ) |
| ) | |
| MONTY WILKINSON,[1] in his official capacity ) | |
| as Acting Attorney General, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Monty Wilkinson, Acting Attorney General of the United States, by and through counsel, respectfully submits this reply in further support of Defendant's Motion to Dismiss Plaintiff's claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Rehabilitation Act of 1973.[2]  *See* ECF No. 30.  For the reasons set forth below, along with those contained in Defendant's opening brief (ECF No. 30-1), Plaintiff's retaliation and discrimination claims warrant dismissal because Plaintiff has failed to exhaust her administrative remedies regarding these claims or has otherwise failed to state a plausible claim for relief.  Moreover, Plaintiff's hostile work environment claim fails to plausibly allege a severe or pervasive hostile work environment and

---

[1]  The Acting Attorney General is automatically substituted as the Defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).  Defendant has also moved to substitute the Attorney General as the Defendant for the Federal Bureau of Investigation.  *See* ECF No. 35.

[2]  The title of Defendant's memorandum inadvertently referred to Defendant's motion as a "partial" motion to dismiss.  *See* ECF No. 30-1 at 1.  The substance of Defendant's memorandum, Defendant's motion, and Defendant's proposed order are clear that the Court should dismiss Plaintiff's second amended complaint in full.

therefore this claim, along with her constructive discharge claim, must fail. Plaintiff's opposition (ECF No. 32) fails to demonstrate that she properly exhausted her claims or that any inference of retaliation or discrimination is warranted based on the non-conclusory allegations in her second amended complaint (*i.e.*, the operative complaint in this matter). Accordingly, the Court should grant Defendant's motion and dismiss Plaintiff's complaint.

## ARGUMENT

### I.  Plaintiff's Complaint Fails to Meet Rule 8's Clarity Standards.

On September 22, 2020, this Court concluded that Plaintiff's complaint fell "far short" of Rule 8's pleading standards and ordered Plaintiff to submit an amended complaint to include a "short and plain statement" of her claims for relief. *See* Order (ECF No. 25) at 2-3 (citing Fed. R. Civ. P. 8(a)(2), (d)(1)). In response, Plaintiff made little effort to clarify her claims. Instead, she merely added new allegations that further muddle her myriad claims of retaliation, discrimination, hostile work environment, and constructive discharge under Title VII, the ADEA, and the Rehabilitation Act. In her opposition, Plaintiff does not directly acknowledge the Court's admonishment and utterly fails to explain how her new allegations serve to clarify her claims. Rather, Plaintiff accuses the FBI of "thow[ing] up its hands" in response to her second amended complaint. Opp'n at 21. However, contrary to Plaintiff's rhetoric, she has had ample opportunities to clarify her claims and, on each occasion, Defendant has made its best efforts to decipher her claims and defend against them. In light of Plaintiff's continued "throw spaghetti at the wall and see what sticks" style of pleading, the Court should dismiss the complaint in its entirety. At the very least, the Court should decline to infer any additional claims or circumstances that are not clearly described in her complaint. Accord, *Jiggets v. District of Columbia*, 319 F.R.D. 408, 416 (D.D.C. 2017).

## II.     Plaintiff Has Failed To Exhaust All Of Her Retaliation and Discrimination Claims.

Defendant's motion established that Plaintiff has failed to exhaust her retaliation claims, *see* Def.'s Mem. 14-19, and any claim of discrimination based on her alleged non-selection for career boards, *id.* at 24-25.  It is well-established that "[c]omplainants must timely exhaust administrative remedies before bringing their Title VII retaliation claims to court."  *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).  Any allegations that are not timely raised with an EEO counselor "cannot form the basis for a subsequent suit." *Mohmand v. Broad. Bd. of Governors*, Civ. A. No. 17-0618, 2018 WL 4705800, at *4 (D.D.C. Sept. 30, 2018) (citing *Mount v. Johnson*, 36 F. Supp. 3d 74, 83 (D.D.C. 2014)).

While the exhaustion of administrative remedies "should not be construed to place a heavy technical burden" on the Title VII plaintiff, it is not "a mere technicality." *Park v. Howard University*, 71 F.3d 904, 907 (D.C. Cir. 1995) (internal quotation marks omitted).  The exhaustion requirement serves the purposes of (1) providing an opportunity for the administrative investigation of the claimant's allegations; (2) affording the charged party prompt notice of those allegations; (3) promoting the informal resolution of claims; and (4) ensuring the preservation of evidence relating to the claimant's allegations. *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1376 (D.C. Cir. 2008).

Plaintiff does not directly rebut Defendant's argument that, because Plaintiff filed her formal EEO complaint on September 14, 2012, she cannot claim to have exhausted any alleged actions that occurred after that date.  *See* Def.'s Mem. at 17 (citing 2d Am. Compl. ¶ 4).  Indeed, she appears to double down on her strategy of bringing unexhausted retaliation claims by arguing

that there are "a great number of acts of retaliation following the filing of her formal EEOC Complaint of Discrimination." Opp'n at 22 (citing 2d Am. Compl. ¶¶ 122-43). Accordingly, her opposition confirms that her retaliation claims are focused on conduct that occurred after the filing of her formal EEO complaint, and not any other alleged protected activity. *See* Def.'s Mem. at 17; Order (ECF No. 25) at 2.

Plaintiff further argues that the "allegations in her complaint are specifically sufficient to exhaust administrative remedies when the actions alleged are ongoing and pervasive . . . especially[] if such actions result in a constructive discharge." Opp'n at 32. To the extent that Plaintiff is referring to her allegations regarding a pervasive hostile work environment, Defendant does not argue that Plaintiff failed to exhaust her hostile work environment claim. And Plaintiff's passing mention of a "constructive discharge" to support exhaustion is unavailing. While the Supreme Court has held that the 45-day limitations period begins to run for a "constructive" discharge after the employee resigns, *see Green v. Brennan*, 136 S. Ct. 1769, 1774 (2016), it is undisputed that Plaintiff never contacted an EEO counselor after she left the FBI.

Moreover, as far as Plaintiff argues that she need not exhaust any "ongoing" incidents of retaliation, her claims would still fail. As noted in Defendant's motion (*see* Def.'s Mem. at 24), the Supreme Court has established that a plaintiff must exhaust her administrative remedies for each discrete incident of discrimination which constitutes an "unlawful employment practice." *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-13 (2002). In *Morgan*, the Supreme Court rejected application of the "continuing violations theory," which had allowed plaintiffs to maintain actions for discrete acts of discrimination or retaliation that had not been separately exhausted but were "sufficiently related" to a properly exhausted claim. *Id.* Thus,

following *Morgan*, a "Title VII plaintiff must timely exhaust administrative remedies for each discrete act alleged," even if the acts are related. *Laughlin v. Holder*, 923 F. Supp. 2d 204, 209 (D.D.C. 2013) (emphasis added) (citing *Morgan*, 536 U.S. at 110).

As this Court has noted, the majority of courts in this circuit have interpreted *Morgan* to require exhaustion for all discrete acts of retaliation after an administrative charge is filed. *See Mount*, 36 F. Supp. 3d at 87 (collecting cases). This is so "regardless of any relationship that exists between those discrete claims and any others." *Rashad v. Wash. Metro. Area Transit. Auth.*, 945 F. Supp. 2d 152, 165-66 (D.D.C. 2013); *see Hunter v. District of Columbia*, 797 F. Supp. 2d 86, 95 (D.D.C. 2011) (noting that "[c]ourts in this district have applied *Morgan* in holding that a plaintiff must exhaust his administrative remedies with respect to distinct acts that occurred after the filing of an administrative charge") (citation omitted); *Romero-Ostolaza v. Ridge*, 370 F. Supp. 2d 139, 149 (D.D.C. 2005) ("*Morgan* has, on the whole, been understood to also bar discrete acts occurring . . . after the filing of an administrative complaint, when a plaintiff does not file a new complaint or amend the old complaint but instead presents these acts for the first time in federal court."). This is because "requiring exhaustion of each discrete claim most faithfully reflects *Morgan* and the purpose of the exhaustion doctrine, namely, 'to give the agency notice of a claim and the opportunity to handle it internally so that only claims plaintiff has diligently pursued will survive.'" *Hicklin v. McDonald*, 110 F. Supp. 3d 16, 19 (D.D.C. 2015) (quoting *Romero-Ostolaza*, 370 F. Supp. 2d at 149).

Even if this Court were to adopt the minority view and hold that Plaintiff may bring unexhausted claims if they are "like or reasonably related" to the claims in her administrative action, *see Mount*, 36 F. Supp. 3d at 87 (declining to adopt such a view), Plaintiff would not fare any better. Plaintiff alleges that, after her formal EEO complaint was filed, the FBI gave her a

5

negative performance review, denied her lateral transfer request, did not select her for positions to which she applied, and caused her to lose any unemployment benefits. *See* Opp'n at 22-25. However, Plaintiff fails to acknowledge that these allegations constitute discrete acts of retaliation that she was required to exhaust before the EEOC prior to bringing claims in federal court. *See Morgan*, 536 U.S. at 114 ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"). More importantly, Plaintiff makes no effort to explain how such claims are similar to those that she actually exhausted. Indeed, they are not.

Finally, Plaintiff gains no greater traction by arguing that the FBI "obstructed" her from exhausting her administrative remedies by forcing her to call five different EEO counselors, changing appointment dates, and "misleading" her as to procedural requirements. Opp'n at 33. These assertions are unsupported by any well-pled factual allegations, except that she had to call "five different EEO counselors before one would work with her." 2d Am. Compl. ¶ 52. Importantly, Plaintiff fails to acknowledge that, once she made initial contact with an EEO counselor, she satisfied the requirement as to the alleged actions which occurred within the prior 45-day period. Although this is irrelevant for purposes of Defendant's motion, any subsequent delays in meeting with an EEO counselor had no practical impact on Plaintiff's properly exhausted claims.

Indeed, Plaintiff does not dispute that she eventually was able to speak with an EEO counselor, file an EEO complaint, and request a Final Agency Decision with respect to her claims. Moreover, Plaintiff attaches to her opposition brief her own sworn affidavit containing a thorough recitation of her administrative claims. *See* Pl.'s Ex. A (Signed Sworn Statement), ECF

No. 32-1, at 1-3.[3]  These claims are in apparent agreement with those listed by Defendant as accepted for investigation by the FBI.  *See* Def.'s Mem. at 3-4; Def.'s Exhibit B (ECF No. 30-3) at 3-4 (noting claims accepted for investigation).  Neither Plaintiff's opposition nor her complaint make any attempt to describe the claims that were "mischaracterized," 2d Am. Compl. ¶ 53.  And Plaintiff fails to describe any attempts she made to bring any additional claims, much less describe what those claims might have been.  Accordingly, there is no basis to conclude that Plaintiff has exhausted any additional claims other than those described in Defendant's motion and confirmed by Plaintiff's affidavit.

### III.     Plaintiff's Retaliation Claims Should Be Dismissed.

Even if Plaintiff did exhaust her retaliation claims (which she has not), she has failed to plead sufficient, non-conclusory facts to demonstrate any causation between the filing of her EEO complaint and Plaintiff's referral to the Employee Assistance Program ("EAP") and the Office of Professional Responsibility ("OPR") or her removal from her detail assignment at the Central Intelligence Agency ("CIA"), her negative performance evaluation, or her asserted non-selections.  As discussed in Defendant's motion, the FBI's referral of Plaintiff to EAP and OPR proceeded her EEO activity and that Plaintiff's allegations fail to support any inference that her end of her CIA detail, her negative performance evaluation, or any alleged non-selections were in any way connected to her EEO activity.  *See* Def.'s Mot. at 20.  Plaintiff concedes that her referrals occurred prior to her EEO contact, *see* Opp'n at 32, so those claims should be dismissed.  Next, Plaintiff argues generally that "her supervisors undeniably had knowledge of her previously informal EEOC activity," *id.*  However, Plaintiff points to no specific allegations

---

[3]     As noted, Plaintiff's retaliation claims are expressly related to the filing of her formal EEO complaint; therefore, it is irrelevant for purposes of resolving Defendant's motion precisely when Plaintiff initiated EEO contact.

that, if taken as true, support the inference that everyone knew—much less, Ms. Ley (who Plaintiff alleges made the decision to remove her from her CIA detail, *see* 2d Am. Compl. ¶ 99). Therefore, this Court is not obligated to give any weight to Plaintiff's conclusory statement that all of her supervisors "undeniably" knew of her protected activity.

Finally, Plaintiff's opposition contains no response to Defendant's arguments that her EAP/OPR referral and her "negative" performance appraisal would not have dissuaded a reasonable employee from supporting a charge of discrimination. *See* Def.'s Mot. at 21-24. "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002). Here, Plaintiff argues only that Defendant engaged in "outright blackmail" by addressing her "in a threatening tone and manner" and threatening to "pull her timecards" after she requested to have an Ombudsman present at future meetings. Opp'n at 29. Because these claims pertain to Plaintiff's hostile work environment claims, and not any discrete acts of retaliation, these arguments fail to resuscitate any of her retaliation claims.

**IV.   Plaintiff's Discrimination Claims Warrant Dismissal.**

Turning to Plaintiff's sex and gender discrimination claims (*i.e.*, Count V of Plaintiff's complaint), Defendant's motion established that Plaintiff had failed to allege materially adverse actions based on her claims regarding her performance appraisal and criticism of her work performance. *See* Def.'s Mem. of 25-26. Plaintiff's opposition again fails to address any of these arguments and therefore Plaintiff has waived them. Rather, Plaintiff continues to conflate her disparate treatment and hostile work environment claims. *See* Opp'n at 35 (arguing that

8

Defendant "went out of [its] way to keep the Plaintiff in the increasingly hostile work environment"). She also appears to argue that the denial of her transfer requests by Mr. McCabe and her involuntary transfer to a position requiring a longer commute constitute adverse actions, *see* Opp'n at 34-35. To the extent her complaint contains such a disparate treatment claim regarding any alleged denial of a lateral transfer (which Defendant does not concede and Plaintiff's complaint does not clearly state), such a claim is entirely unexhausted because Plaintiff failed to assert any such claim in her EEO complaint. *See* Def.'s Mem. at 3-4; Pl.'s Ex. A at 1-3.

Defendant's motion also established that Plaintiff has failed to plead any facts to support any causal link between her claims of discrimination and her sex and/or gender. *See* Def.'s Mem. At 26-28. In response, Plaintiff's opposition argues that she need not plead a *prima facie* case of discrimination. *See* Opp'n at 37. True enough, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002), but a complaint cannot survive a motion to dismiss "when it consists only of conclusory allegations and is devoid of facts demonstrating that discrimination played a role in an adverse employment action, and from which a plausible inference of discrimination can be drawn." *Easaw v. Newport*, 253 F. Supp. 3d 22, 30 n.4 (D.D.C. 2017). Plaintiff's conclusory allegations that she was "singled out" as a member of a protected class, *see* 2d Am. Compl. ¶ 41, and "exposed to disadvantageous terms or conditions of employment to which male employees were not exposed," *id.* ¶ 294, are insufficient to support any inference of discrimination here. And Plaintiff's allegation that Mr. Schwein asked her if she would rather take a less stressful job "at this time in your life" is similarly insufficient, especially as her complaint makes clear that

Mr. Schwein was specifically concerned about Plaintiff's emotional well-being.[4]  *See* 2d Am. Compl. ¶ 45.  A plaintiff must plead enough factual allegations to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Plaintiff's allegations fall far short of this standard.

**V.    Plaintiff Fails to Plausibly Allege A Severe Or Pervasive Hostile Work Environment Linked to Any Protected Class or Activity.**

Defendant's motion also established that Plaintiff's complaint fails to state a hostile work environment claim.  *See* Def.'s Mem. at 39.  In response, Plaintiff's opposition acknowledges the "high" standard for hostile work environment claims.  *See* Opp'n at 39-41.  She also highlights the alleged denial of her travel requests and the "micromanagement" she experienced from her supervisor.  *Id.* at 40.  But these allegations only underscore that the incidents of which she complains constitute "work-related actions by supervisors," which "courts typically do not find . . . to be sufficient for a hostile work environment claim."  *Munro v. LaHood*, 839 F. Supp. 2d 354, 366 (D.D.C. 2012) (citation omitted); *see also Aldrich v. Burwell*, 197 F. Supp. 3d 124, 137 (D.D.C. 2016) (dismissing hostile work environment claim because allegations about reassignment to less favorable cubicle, reprimands concerning performance, five-day suspension, and placement on leave-restriction "relate to workplace reprimands—and punishment flowing from them—that are well within the bounds of 'ordinary tribulations of the workforce'").

---

[4]    Mr. Schwein's alleged comment, which may appear to be superficially related to Plaintiff's age, fails to demonstrate that any alleged discrete adverse employment actions Plaintiff complains of were discriminatory.  As Justice O'Connor observed in the context of sex discrimination, while "gender always 'play[s] a role' in an employment decision in the benign sense that these are human characteristics of which decisionmakers are aware and about which they may comment in a perfectly neutral and nondiscriminatory fashion[,] . . . a mere reference to 'a lady candidate' . . . by no means could support a rational factfinder's inference that the decision was made 'because of' sex."  *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring).  Likewise, Mr. Schwein's alleged reference to "this time in [Plaintiff's] life," without more, is insufficient to support an inference of age discrimination.

Plaintiff also argues that her supervisor addressed her in a "threatening" manner on several occasions. *See* Opp'n at 29. However, notwithstanding Plaintiff's subjective characterization of these incidents, she fails to elaborate on any of them or point to specific factual allegations to support their severity. What is more, she appears to rely upon a collection of minor, isolated grievances in an attempt to litigate the work-related actions of her supervisors she subjectively viewed as rude. Simply put, Plaintiff's allegations, even if true, do not rise to the level of a hostile work environment and, therefore, Plaintiff's claims founded upon such allegations should be dismissed. *See, e.g.*, *Porter v. Jackson*, 668 F. Supp. 2d 222, 236 (D.D.C. 2009) (even accepting as true plaintiff's allegations that comments were "impolite, rude, and insensitive, plaintiff has not shown that she was subject to the level of severe and pervasive harassment necessary to maintain a claim for a hostile work environment under Title VII"), *aff'd*, 410 Fed. App'x 348 (D.C. Cir. 2010) (per curiam).

## VI.     The Amended Complaint Fails To State a Cognizable Constructive Discharge Claim.

As pointed out in Defendant's motion, a plaintiff may not bring a constructive discharge claim as a standalone cause of action. *See* Def.'s Mem. at 34-45 (citing *Owens-Hart v. Howard Univ.*, 220 F. Supp. 3d 81, 97 (D.D.C. 2016)). Plaintiff's opposition fails to address this point.[5] Rather, Plaintiff asserts the FBI created an "intolerable work atmosphere," which prompted her resignation. *See* Opp'n at 43. In order to support a constructive discharge claim, working

---

[5]     As another court in this district recently pointed out, "[t]here is some dispute in this district over whether constructive discharge can be a standalone cause of action." *Cogdell v. Murphy*, Civ. A. No. 19-2462, 2020 WL 6822683, at *13 (D.D.C. Nov. 20, 2020) (citing cases). Even if this Court were inclined to conclude that Plaintiff may bring a standalone constructive discharge claim, as stated below, that claim is entirely unexhausted as there is no dispute that Plaintiff did not contact an EEO counsel again after filing her formal EEO complaint and leaving the FBI in 2016.

conditions must be such that they 'would lead a reasonable person to resign.'" *Lempres v. CBS Inc.*, 916 F. Supp. 15, 22 (D.D.C. 1996). Thus, the standard is an objective one and requires proof that a "reasonable person" in Plaintiff's position would have felt compelled to resign. *See Penn. State Police v. Suders*, 542 U.S. 129, 141 (2004). Plaintiff's allegations fall far short of this objective standard.

Indeed, Plaintiff's allegations of a hostile work environment are minor and spread out over the course of approximately two years. As such, it is implausible that a reasonable person in Plaintiff's position would have believed that such isolated actions as those described in the amended complaint were so "intolerable" as to warrant resignation. Notably, in a prior version of her complaint, Plaintiff asserted that her resignation was not due to the FBI's alleged actions but, instead, was due to "extreme complications from her diverticulosis," and "in an effort to gain access to the money in her Thrift Savings Fund to pay bills." First Am. Compl. (ECF No. 33) ¶ 245. Moreover, her argument that she "had never had a negative performance review until after she initiated the EEOC proceedings," *see* Opp'n at 44, utterly fails to establish an "intolerable" working environment—especially since Plaintiff does not plead any consequences that resulted from her allegedly "negative" rating.

Importantly, even if Plaintiff had pled facts sufficient to state a constructive discharge claim (which she has not), Plaintiff failed to exhaust such a claim because it is undisputed that she did not amend her EEO complaint, nor contact an EEO counsel, after resigning from the FBI. In light of the above, Plaintiff has failed to state a plausible constructive discharge claim and, therefore, Count VI should be dismissed.

## CONCLUSION

For the forgoing reasons, and those stated in Defendant's motion to dismiss, Defendant respectfully requests that the Court grant Defendant's motion and dismiss the second amended complaint because Plaintiff has failed to exhaust her administrative remedies and otherwise state a plausible claim for relief under Title VII, the ADEA, and the Rehabilitation Act.

Dated February 23, 2021          Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/ *Christopher C. Hair*
CHRISTOPHER C. HAIR, PA Bar # 306656
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2541
Christopher.Hair@usdoj.gov

*Counsel for Defendant*